UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEOPOLDO DUARTE PALACIOS,

                              Petitioner,

            -against-

SUPERINTENDENT, Clinton Correctional
Facility,

                              Respondent.

25-CV-2411 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Petitioner, who is proceeding *pro se* and currently incarcerated at Clinton Correctional
Facility, has submitted to the court a letter asking that the court reduce his state court sentence,
which was entered in the New York Supreme Court, Dutchess County, under indictment number
70686/2023. The Clerk's Office opened this matter as a petition for a writ of *habeas corpus*
under 28 U.S.C. § 2254 because Petitioner challenges his state court conviction. Petitioner paid
the $5.00 fee to bring this action.

For the reasons set forth in this order, the Court dismisses this action without prejudice to
Petitioner's filing a Section 2254 petition after he exhausts his available state court remedies.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in
custody pursuant to the judgment of a State court only on the ground that he is in custody in
violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under
Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a
Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly
appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Section 2254 requires exhaustion of all available state remedies before a petitioner can seek federal *habeas* relief. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A *habeas* petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if the State provides a procedure, a *habeas* petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner before a federal court may review a petition for a writ of *habeas corpus* brought under Section 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust claims for purpose of *habeas corpus* review, a petitioner must wait for the Appellate Division to decide the outcome of his appeal. If the petitioner is adversely affected by the court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to

2

the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Petitioner indicates that he currently is appealing his conviction in the Appellate Division and provides his assigned docket number, 2024-8366. Because Petitioner alleges that he has not fully exhausted his state court remedies, the Court denies the petition as prematurely filed. After Petitioner has fully exhausted his state court remedies, by seeking leave to appeal in the Court of Appeals and receiving a decision from that court, he may file his *habeas corpus* petition in this court.

Should Petitioner pursue *habeas corpus* relief in this court, he must comply with Rule 2 of the Rules Governing Section 2254 Cases, which requires a petition to specify all of the available grounds for relief, setting forth the facts supporting each of the specified grounds, and stating the relief requested. A Section 2254 petition must permit the court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

Finally, the grounds raised in a Section 2254 petition must assert that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 without prejudice to Petitioner's filing a new Section 2254 petition after he exhausts his state court remedies.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    July 14, 2025
          New York, New York

_Louis L. Stanton_
          Louis L. Stanton
          U.S.D.J.